By the Court—Hoffman, J.
We are satisfied upon the evidence, with the conclusions of the Referee as to the character of the party wall, its sound condition and sufficiency for the purposes for which it was erected, and had been used; as also in regard to the ruinous condition of the defendant’s building, and the inducements leading him to erect a new and profitable store upon his ground. The building of the plaintiff was also in good repair.
The evidence is not enough to overrule the conclusion of the Referee, that the party wall was not removed with the license or consent of the plaintiff.
Then upon such a state of facts the case of Eno v. Delvecchio, (4 Duer, 53; 6 id., 17,) is decisive. The plaintiff was entitled to be indemnified to the full extent of the injury he had sustained. Here was a party wall, built partially on the ground of each owner, used as such for more than twenty years, and in a sound and serviceable condition. Neither party could remove it, or so deal with it as to render it an insufficient support for the building of the other, without his consent.
The remaining question is as to the amount of the damage. The amount allowed for the repairs is fully warranted by the evidence. And upon the whole, we do not see sufficient reason to change the conclusion of the Referee as to the loss of a year’s rent.
The judgment must be affirmed, with costs.
Affirmed accordingly.